Marissa A. Warren, Esq., State Bar No. 249583
Email: mwarren@ljdfa.com
Jennifer A. Schwarz, Esq., State Bar No. 253067
Email: jschwarz@ljdfa.com
Maria M. Ibrahim, Esq., State Bar No. 368143
Email: mibrahim@ljdfa.com
**LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES**
2677 North Main Street, Suite 901
Santa Ana, California 92705-6632
Telephone (714) 558-7008 • Facsimile (714) 972-0379

Attorneys for Defendant,
GARFIELD BEACH CVS, LLC

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| Martha Elvia Perez, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>Garfield Beach CVS, LLC, a California Limited Liability Company; CVS Health Corporation, a Rhode Island Corporation; and DOES 1 TO 100,<br><br>Defendants. | CASE NO.:<br>*[Removal from Superior Court of California, San Bernardino, Case No.: CIVRS2607688]*<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; Declaration of Jennifer A. Schwarz, Esq.; Request for Judicial Notice; and Exhibits]*<br><br>ACTION FILED: August 24, 2026 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant, GARFIELD BEACH CVS, LLC (hereinafter "Defendant"), hereby removes the state court action described below to this the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a), 1441(a)-(b), and 1446. Defendant provides the following "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

## I. <u>THE STATE COURT ACTION.</u>

1. On August 24, 2026, Plaintiff, MARTHA ELVIA PEREZ (hereinafter "Plaintiff"), filed a Complaint entitled *Martha Elvia Perez v. Garfield Beach CVS, LLC,*

*et al.*, Case No. CIVRS2607688 in the Superior Court of the State of California, County of San Bernardino. A true and correct copy of the Summons and Complaint is attached as **Exhibit A** to this Notice. The allegations of the Complaint are incorporated herein by reference without necessarily admitting the truth of any of them.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.

2. On October 7, 2026, Plaintiff served the Summons and Complaint on Defendant, GARFIELD BEACH CVS, L.L.C. via process service. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and other papers, including the Summons and Complaint and the copy of legal process received by Defendant by processes server are attached hereto as **Exhibit B**. *See* Declaration of Jennfier A. Schwarz. ¶ 3. Based on the allegations in the Complaint, discussed below, the corporate entity for the CVS store at issue in Plaintiff's Complaint located in Rancho Cucamonga, California, is Garfield Beach CVS, LLC, whose sole member is CVS Pharmacy, Inc., a Rhode Island Corporation. *See* Declaration of Jennifer A. Schwarz, and **Exhibit C and D** to the Request For Judicial Notice**.**

3. Removal is timely. Defendant has removed this action within 30 days after receipt of a copy of the Complaint, pursuant to 28 U.S.C. § 1446(b).

4. Venue is proper. Plaintiff filed the state court action in the Superior Court of the State of California, County of San Bernardino. Venue therefore properly lies in the United States District Court for the Central District, Eastern Division of California, pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a).

5. As Garfield Beach CVS, L.L.C. is a limited liability corporation whose sole member is CVS Pharmacy, Inc., and Garfield Beach CVS, L.L.C. is also an out-of-state Defendant, removal is proper.

6. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the Clerk of the Superior Court of the State of California, County of San Bernardino.

///

## III. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(a)-(b).

7. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441(a)-(b) because the action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. The Parties Are Diverse.

8. Diversity between the Plaintiff and the properly named Defendant existed at the time the Complaint was filed and continues to exist at the time of this removal.

9. Plaintiff filed her complaint attached herein as Exhibit A in the County of San Bernardino. *Cmplt*, **Ex. A.** Based on this information, Defendant, believes that at the time Plaintiff filed her Complaint, Plaintiff was and remains a citizen of California.

10. Defendant GARFIELD BEACH CVS, LLC in this action is now, and was at the time Plaintiff filed her Complaint, a limited liability company organized under the laws of the State of California, with as its sole member Defendant CVS PHARMACY, INC., a citizen of the State of Rhode Island. *See* JAS Decl. ¶¶ 4-6 and **Exhibit C and D** to the Request for Judicial Notice.

11. A limited liability company is a citizen of the same state or states as its owners/members. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Therefore, Defendant GARFIELD BEACH CVS, LLC, is also a citizen of the State of Rhode Island, and not a citizen of the State of California.

12. Defendant GARFIELD BEACH CVS, LLC's sole member CVS Pharmacy Inc., is now, and was at the time Plaintiff filed her Complaint, an LLC which has the citizenship of its members and its sole member is a corporation organized under the laws of the State of Rhode Island, with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island. *See* JAS Decl. ¶¶ 4-6, and **Exhibit C and D** to Request for Judicial Notice. Thus, at all times relevant hereto, Defendant GARFIELD BEACH CVS, L.L.C., has been a citizen of

Rhode Island, and not a citizen of California.

13. CVS Health Corporation, which has been named as a Defendant has not been served to date. CVS Health Corporation is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Rhode Island. See JAS, Decl. ¶ 7, and **Exhibit E** to Request for Judicial Notice. CVS Health Corporation consents to removal of this action. Therefore there is complete diversity of the parties.

14. Further, a corporation that is formed in California is still diverse if its officers or nerve center are out of state. Hertz Corp. v. Friend, 559 US 77 (2010). Thus, at all times relevant hereto, Defendant GARFIELD BEACH CVS, L.L.C. would be a citizen of Rhode Island, and not a citizen of California.

15. In determining whether a civil action is properly removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), courts disregard the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1). The citizenship of "Does 1-50" named in the Complaint is therefore immaterial with respect to removal.

16. Since Plaintiff is, and was at the time they filed the Complaint, a citizen of California and because, at the time Plaintiff filed her Complaint, Defendant GARFIELD BEACH CVS, LLC is and was a citizen of Rhode Island, diversity of citizenship exists between the parties and it existed at the time the Complaint was filed.

**B. The Amount in Controversy Exceeds $75,000.**

17. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper on the basis of an amount in controversy if a court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.

18. A removing Defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. See Singer v. State Farm Mut. Auto.

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997); Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

19. To ascertain the amount in controversy, a district court takes into account claims for general damages, pain and suffering, out-of-pocket loss, emotional distress, punitive damages and attorney's fees. Richmond v. Allstate Ins. Co., 897 F. Supp. 447, 449-50 (S.D. Cal. 1995). In addition, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated." Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal citations omitted).

20. Plaintiff, MARTHA ELVIA PEREZ alleges that she "sustained serious injuries due to unsafe conditions on Defendants' premises when a railing near the shopping carts inside the store suddenly broke while she was leaning against it, causing her to fall." *Cmplt.*, **Ex. A**, pg. 7.

21. Plaintiff claims that alleged "negligent acts and/or omissions on the part of defendants… were direct and proximate causes of the damages sustained by Plaintiff." *Id.*

22. Plaintiff thus seeks general damages and damages for hospital and medical expenses. *Id* at pg. 6. Moreover, in pre-litigation communications with counsel for Plaintiff, Plaintiff claimed economic damages related to past and future medical expenses in excess of six-figures. *see* JAS Decl. ¶¶ 8-10.

23. It is thus facially apparent from the Complaint that Plaintiff's claim exceeds $75,000. See Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy found to exceed the jurisdictional threshold. As in Luckett, because Plaintiff has alleged non-economic and economic damages relative to his injuries, this Court can and should use its "judicial experience and common sense" in determining that it is facially apparent from the Complaint that Plaintiff's claims exceed $75,000. Roe v. Michelin North America, Inc., 613 F.3d 1058, 1062 (11th Cir. 2010) ("A district court need not 'suspend reality or shelve common sense in determining whether the face

of a complaint . . . establishes the jurisdictional amount.'").

24. By removing this action to this Court, Defendant does not waive any defenses, objections, or motions available to them under state or federal law. Defendant expressly reserves the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant GARFIELD BEACH CVS, LLC, respectfully request that the action pending in the Superior Court for the State of California, County of San Bernardino, be removed in its entirety to this Court.

Dated: October 30, 2026

LA FOLLETTE, JOHNSON DeHAAS, FESLER & AMES

MARISSA A. WARREN, ESQ.
JENNIFER A. SCHWARZ, ESQ.
MARIA M. IBRAHIM, ESQ.
Attorneys for Defendant,
GARFIELD BEACH CVS, LLC

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA ] ss.
COUNTY OF ORANGE ]

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES, 2677 North Main Street, Suite 901, Santa Ana, California 92705-6632.

On October 30, 2026, I served the foregoing document described as **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446** by emailing a true copy, pursuant to the service list as follows and to be electronically filed with the United States District Court, Central District of California by using the CM/ECF system.

Stephan Airapetian, Esq.
**STEPHAN FILIP ARAYI**
100 W Broadway. Suite 1200
Glendale, CA 91210
Phone: (323) 303-3533
Fax: (323) 303-3534
Email: service@sfalaw.com
***Attorneys for Plaintiff, MARTHA ELVIA PEREZ***

I declare under penalty of perjury under the law of the United States of America that I am employed by a member of the Bar of this Court and that the foregoing is true and correct.

Executed on October 30, 2026, at Santa Ana, California.

JESSICA GONZALEZ



LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES