LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

Marissa A. Warren, Esq., State Bar No. 249583
Email: mwarren@ljdfa.com
Jennifer A. Schwarz, Esq., State Bar No. 253067
Email: jschwarz@ljdfa.com
Maria M. Ibrahim, Esq., State Bar No. 368143
Email: mibrahim@ljdfa.com
**LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES**
2677 North Main Street, Suite 901
Santa Ana, California 92705-6632
Telephone (714) 558-7008 • Facsimile (714) 972-0379

Attorneys for Defendant,
GARFIELD BEACH CVS, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

Martha Elvia Perez, an Individual,

Plaintiff,

vs.

Garfield Beach CVS, LLC, a California Limited Liability Company; CVS Health Corporation, a Rhode Island Corporation; and DOES 1 TO 100,

Defendants.

CASE NO.: 5:26-cv-06462
*[Removal from Superior Court of California, San Bernardino, Case No.: CIVRS2607688]*

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT GARFIELD BEACH CVS, LLC TO PLAINTIFF'S COMPLAINT**

ACTION FILED: August 24, 2026

Defendant, GARFIELD BEACH CVS, LLC ("Defendant" or "Answering Defendant"), hereby answers the operative Complaint of Plaintiff, MARTHA ELVIA PEREZ ("Plaintiff"). Defendant further states that many of its responses to Plaintiff's allegations are based on initial review, interpretation and understanding of the relevant documents, and Defendant accordingly reserves the right to amend this Answer to conform to any different interpretation or understanding it may obtain during the remainder of this litigation, including, without limitation, through discovery. This Answer uses the page numbers and numbered paragraphs from the operative Complaint solely for organizational and reference purposes.

///

///

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

## GENERAL ASSERTIONS

1. Page 1, paragraph 1, Defendant admits, in so far as Plaintiff has initiated a cause of action against DEFENDANTS GARFILED BEACH CVS, LLC and CVS HEALTH CORPORATION.
2. Page 1, Paragraph 2, asserts no allegations, and no boxes are marked, and as such no response is required.
3. Page 1, Paragraph 3, asserts no allegations, and no boxes are marked, and as such no response is required.
4. Page 2, Paragraph 4, asserts no allegations, and no boxes are marked, and as such no response is required.
5. Defendant admits the allegations at Page 2, Paragraph 5a, that entity GARFIELD BEACH CVS, LLC is a limited liability company. Defendant admits the allegations at Page 2, Paragraph 5b, that entity CVS HEALTH CORPORATION is a corporation.
6. Defendant admits, in so far as Plaintiff has named DOES 1 to 100; however, Defendant lack sufficient information or belief to either admit or deny the allegations in Page 2, Paragraph 6.
7. Page 2, Paragraph 7, asserts no allegations, and no boxes are marked, and as such no response is required.
8. Defendant denies the allegations at Page 2, Paragraph 8, that the Superior Court of Los Angeles County is the proper jurisdiction for this matter.
9. Page 2, Paragraph 9, asserts no allegations, and no boxes are marked, and as such no response is required.
10. At Page 3, Paragraph 10 Defendant admits that Plaintiff has set forth two causes of action, however to the extent Plaintiff asserts arguments and conclusions of law no response is required. To the extent a response is required, Defendant denies.
11. At Page 3, Paragraph 11, Plaintiff asserts arguments and conclusions of law and therefore no response is required. To the extent a response is required, Defendant

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

denies.

12. Page 3, Paragraph 12, asserts no allegations, and no boxes are marked, and as such no response is required.

13. At Page 3, Paragraph 13, Plaintiff asserts no allegations, and no boxes are marked, and as such no response is required.

14. At Page 3, Paragraph 14, Plaintiff asserts arguments and conclusions of law and therefore no response is required. To the extent a response is required, Defendant denies .

15. Page 3, Paragraph 15, asserts no allegations, and no boxes are marked, and as such no response is required.

**<u>FIRST CAUSE OF ACTION</u>**

**General Negligence**

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Page 5, Paragraph GN-1, of the Complaint, and on that basis deny those allegations.

   a. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Page 5, Paragraph GN-1 of the Complaint, whether "On or about September 4, 2024, Martha Elvia Perez ("Plaintiff') sustained serious injuries due to unsafe conditions on Defendants' premises when a railing near the shopping carts inside the store suddenly broke while she was leaning against it, causing her to fall. The negligence on the part of defendants, and each of them, are not limited to the negligent acts and/or omissions described above, but also includes the negligent hiring, entrustment, retaining, appointing, selecting, training, and/or supervising of those persons responsible for the foregoing acts and or omissions" and on that basis deny those allegations. Defendant denies any willful failure to warn or malicious conduct. As to the remaining allegations contained in these paragraphs, Defendant responds these

allegations assert arguments and conclusions of law, so no response is required. To the extent a response is required, Defendant denies .

**SECOND CAUSE OF ACTION**

**Premises Liability**

2. At Page 4, Prem. L-1 through L-2, Defendant responds to the following factual allegations: Defendant lacks sufficient information or belief to admit or deny whether “On or about September 4, 2024, Martha Elvia Perez ("Plaintiff') sustained serious injuries due to unsafe conditions on Defendant's premises when a railing near the shopping carts inside the store suddenly broke while she was leaning against it, causing her to fall” and on that basis, Defendant denies. Defendant denies any willful failure to warn or malicious conduct. As to the remaining allegations contained in these paragraphs, Defendant responds these allegations assert arguments and conclusions of law, so no response is required. To the extent a response is required, Defendant denies.
3. At Page 4, Prem. L-3, Plaintiff asserts no allegations and no boxes are marked, and as such, no response is required.
4. At Page 4, Prem. L-4, Plaintiff asserts no allegations, no boxes are marked, and as such, no response is required.
5. At Page 4, Prem. L-5, Plaintiff asserts no allegations, no boxes are marked, and as such, no response is required.

**AFFIRMATIVE DEFENSES**

Defendant, GARFIELD BEACH CVS, LLC (“Defendant” or “CVS”) asserts the following affirmative defenses to the operative Complaint. Defendant reserves the right to assert additional defenses that become available or apparent during the discovery period, as well as their right to amend this Answer. As separate and distinct affirmative defenses to the claims asserted in the Plaintiff’s Complaint, Defendant alleges as follows:

///

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

**FIRST AFFIRMATIVE DEFENSE**

As to each and every cause of action alleged in the Complaint herein, Defendant is informed and believes and thereon alleges that any and all alleged events, happenings, injuries and damages, if any, were proximately caused or contributed to by the failure of Plaintiff to exercise ordinary care at the time and place alleged.

**SECOND AFFIRMATIVE DEFENSE**

As to each and every cause of action alleged in the Complaint herein, Defendant is informed and believes and thereon alleges that Plaintiff fails to state facts sufficient to constitute a cause of action.

**THIRD AFFIRMATIVE DEFENSE**

As to each and every cause of action alleged in the Complaint herein, Defendant is informed and believes and thereon alleges that the injuries and damages complained of by Plaintiff, if any there were, were either wholly, or in part, directly and proximately caused by the conduct of persons or entities other than this answering Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

As to each and every cause of action alleged in the Complaint herein, Defendant is informed and believes and thereon alleges that the injuries and damages complained of by Plaintiff, if any there were, were either wholly, or in part, directly and proximately caused by the conduct of persons or entities other than these answering Defendant and said conduct is either imputed to Plaintiff by reason of the relationship between Plaintiff and said persons or entities, or comparatively reduces the proportion of liability of this answering Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

As to each and every cause of action alleged in the Complaint herein, Defendant is informed and believes and thereon alleges that Plaintiff has failed to mitigate her damages, if any.

///

///

**SIXTH AFFIRMATIVE DEFENSE**

As to each and every cause of action alleged in the Complaint herein, Defendant is informed and believes and thereon alleges that any and all alleged events, happenings, injuries and damages, if any, were proximately caused or contributed to by Plaintiff, who assumed all risks and hazards incident to the conduct alleged in the charging allegations.

**SEVENTH AFFIRMATIVE DEFENSE**

As to each and every cause of action alleged in the Complaint herein, Defendant is informed and believes and thereon alleges that any injuries and damages which Plaintiff may have suffered were proximately caused by the several negligence of named Defendants or the fictitiously named DOE Defendants, or any of them, or others and accordingly, liability for non-economic damages, if any, must be apportioned, reduced, or allocated in direct proportion to that Defendant's/person's percentage of fault.

**EIGHTH AFFIRMATIVE DEFENSE**

As to each and every cause of action alleged in the Complaint herein, Defendant is informed and believes and thereon alleges that if the Plaintiff was damaged as alleged in the Complaint herein, or at all, said Plaintiff was fully aware of the conditions existing and any risks inherent therein, and knowingly, willingly, intentionally and voluntarily exposed herself to an open, obvious, and apparent danger, which was known to and recognized by the Plaintiff, thereby assuming a risk of damage; therefore, the damages, if any, sustained by Plaintiff, were a result of such risks, which risks were voluntarily assumed by Plaintiff and bars her recovery in this action.

**NINTH AFFIRMATIVE DEFENSE**

As to each and every cause of action alleged in the Complaint herein, Defendant is informed and believes and thereon alleges that Plaintiff has failed to act reasonably to minimize any loss or harm that she suffered and could have avoided such harm by making reasonable efforts or expenditures.

///

///

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

**TENTH AFFIRMATIVE DEFENSE**

As to each and every cause of action alleged in the Complaint herein, Defendant is informed and believes and thereon alleges that the Complaint is barred by the applicable statutes of limitations, including, but not limited to, any and/or all of the relevant provisions of the California Code of Civil Procedure.

**ELEVENTH AFFIRMATIVE DEFENSE**

As to each and every cause of action alleged in the Complaint herein, Defendant is informed and believes and thereon alleges that any defect or condition complained of was trivial as a matter of law.

**TWELFTH AFFIRMATIVE DEFENSE**

As to each and every cause of action alleged in the Complaint herein, Defendant is informed and believes and thereon alleges that any damage proven to have been sustained by Plaintiff was the direct and proximate result of the independent and superseding action of Plaintiff and other persons or parties, and not due to any act or omission on the part of this Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As to each and every cause of action alleged in the Complaint herein, Defendant is informed and believes and thereon alleges Plaintiff's claim is barred by the doctrine of primary assumption of risk.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As to each and every cause of action alleged in the Complaint herein, the claims asserted in the Complaint are barred, in whole or in part, because Defendant owed no duty obligation to Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As to each and every cause of action alleged in the Complaint herein, the claims asserted by Plaintiff in the Complaint are barred, in whole or in part, because Plaintiff has not suffered any legally cognizable injuries in fact.

///

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believe and based thereon alleges that other persons or entities who may or may not be parties to this litigation, may have been negligently responsible for and were the proximate cause of the injuries and damages allegedly sustained by Plaintiff, if any. Although Defendant denies and continues to deny, that Defendant was in any manner responsible for the injuries and damages allegedly sustained by Plaintiff, the Defendant alleges that the trier of fact should determine the relative and proportionate degrees of responsibility of all persons or entities, including Plaintiff, and whether or not parties to this litigation, and allocate, pursuant to said proportionate shares of responsibility, said damages amongst all persons or entities, and that Defendant is not responsible for any damages in excess of their proportionate share, as determined by the trier of fact.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant cannot be held jointly and severally liable for acts or omissions of third parties that are separate and distinct from the alleged acts or omissions of Defendant where the alleged injury is divisible from and greater than any injury allegedly caused by responding Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover from responding Defendant more than Responding Defendant's fair, equitable, and proportionate share, if any, of the damages and costs sought, or to otherwise recover from Defendant more than the amount of such relief, if any, for which Defendant is liable (which liability is denied). And any damages sought by Plaintiff, if awarded, should be reduced by any amounts recovered from any other sources, and Plaintiff is barred from any form of double recovery regardless of the nature or source of such recovery.

**NINETEENTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that they had no actual or constructive knowledge of an alleged dangerous condition on the premises prior to Plaintiff's alleged

injury.

**TWENTIETH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant contends that answering Defendant lacked any notice of an alleged dangerous condition and therefore, Plaintiff is barred and precluded from recovery for any alleged danger which resulted in any purported injury, loss or damage, if at all.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant contends that Plaintiff had the last clear chance to avoid any hazard, and, as a result, she is barred and precluded from recovery against answering Defendant.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

To the extent any unsafe condition may have existed at or near the Subject Premises at the time of the events about which Plaintiff complains in Plaintiff's operative Complaint, such condition would have been so obvious that any person would reasonably be expected to observe it and through the exercise of reasonable prudence and care would avoid injury to themselves.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

This answering Defendant is informed and believes, and based thereon, alleges that the Complaint, and each cause of action thereof, fails to state facts sufficient to constitute an award of pre-judgment interest against Answering Defendant.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to the relief requested in the Complaint because of Plaintiff's comparative and contributing fault.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint are barred, in whole or in part, by the

doctrines of merger, bar, collateral estoppel, res judicata, release, discharge, and accord and satisfaction.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent employees or agents acted contrary to express or generally understood policies and procedures because such actions were not authorized and were outside the scope of their employment or agency.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

This answering Defendant is informed and believes, and based thereon, alleges that if found responsible for Plaintiff's injuries and medical expenses, Answering Defendant is only obligated to the extent such expenses were reasonable and lawfully incurred. This answering Defendant denies that fees for services for which Plaintiff seeks reimbursement were either reasonable or lawfully incurred.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

This answering Defendant is informed and believes, and based thereon, alleges that Plaintiff's damages, if any, are subject to an offset in that the amount of recoverable actual medical expenses for Plaintiff can be no greater than those amounts paid for by any insurance or other health benefits plan, as set forth in *Howell v. Hamilton Meats & Provisions Inc.* (2011) 52 Cal.4th 541.

**THIRTIETH AFFIRMATIVE DEFENSE**

This answering Defendant presently has insufficient knowledge or information on which to form a belief whether it may have additional, yet unstated affirmative defenses. Answering Defendant reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

**TO PLAINTIFF AND TO HER RESPECTIVE ATTORNEYS OF RECORD:**

Defendant, GARFIELD BEACH CVS, LLC, hereby demands a trial by jury in the above-entitled matter.

///

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

**WHEREFORE**, this answering Defendant prays that Plaintiff takes nothing by reason of the operative Complaint and that this answering Defendant be given judgment for their costs of suit incurred herein, to be incurred, and for such other and further relief as the Court deems just and proper.

Dated: November 6, 2026

LA FOLLETTE, JOHNSON DeHAAS, FESLER & AMES

MARISSA A. WARREN, ESQ.
JENNIFER A. SCHWARZ, ESQ.
MARIA M. IBRAHIM, ESQ.
Attorneys for Defendant,
GARFIELD BEACH CVS, LLC

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA ] ss.
COUNTY OF ORANGE ]

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES, 2677 North Main Street, Suite 901, Santa Ana, California 92705-6632.

On November 6, 2026, I served the foregoing document described as **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT GARFIELD BEACH CVS, LLC TO PLAINTIFF'S COMPLAINT** by emailing a true copy, pursuant to the service list as follows and to be electronically filed with the United States District Court, Central District of California by using the CM/ECF system.

Stephan Airapetian, Esq.
Asa Eaton, Esq.
**STEPHAN FILIP ARAYI**
100 W Broadway. Suite 1200
Glendale, CA 91210
Phone: (323) 303-3533
Fax: (323) 303-3534
Email: service@sfalaw.com
Email: asa@sfalaw.com
Email: mz@sfalaw.com
***Attorneys for Plaintiff, MARTHA ELVIA PEREZ***

I declare under penalty of perjury under the law of the United States of America that I am employed by a member of the Bar of this Court and that the foregoing is true and correct.

Executed on November 6, 2026, at Santa Ana, California.

JESSICA GONZALEZ



LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES